IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL LEE CAMERON, | CV 19-00092-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| SHEILA R. KOLAR, BENJAMIN HALVERSON, and MICHELLE LEE, | |
| Defendants. | |

Plaintiff Michael Cameron, a prisoner proceeding without counsel, has filed a motion to proceed in forma pauperis (Doc. 1) and a Complaint pursuant to 42 U.S.C. § 1983 regarding his incarceration at the Yellowstone County Detention Facility from June 26, 2019 through August 20, 2019 (Doc. 2). The motion to proceed in forma pauperis will be granted, but Defendants are entitled to immunity and therefore this matter will be recommended for dismissal.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Mr. Cameron's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. Because he is incarcerated, Mr. Cameron must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

1

Mr. Cameron submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Cameron will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Cameron must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Cameron is held to forward payments from Mr. Cameron's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.  Parties

Mr. Cameron represents that he is a pretrial detainee.  He is currently incarcerated at the Missoula County Detention Facility in Missoula, Montana. (Notice of Change of Address, Doc. 5.)  He names Municipal Court Judge Sheila Kolar, Municipal Court Judge Michelle Lee, and "City County Attorney" Benjamin Halverson as Defendants.  (Complaint, Doc. 2 at 4-5.)

**B.  Allegations**

Mr. Cameron alleges he was illegally extradited without a warrant from New York to Montana on June 21, 2019.  He was brought to City Court on June 24 and June 26, 2019.  He complains that Defendants continued to proceed with his case even after he informed Judge Kolar and Mr. Halverson that the Court lacked jurisdiction.  He claims the case was subsequently dismissed without prejudice when there was determined to be a speedy trial issue.

He claims Defendant Benjamin Halverson engaged in prosecutorial misconduct by proceeding to hold him in confinement causing the deprivation of his liberty interests and violating his constitutional right to speedy trial.  He claims Judge Kolar caused him injury by placing him in confinement for 55 days in excess of the speedy trial, denying his request for a special appearance to challenge jurisdiction, and violating his Fifth and Fourteenth Amendment rights to due process and equal protection.  He claims Judge Lee violated his due process rights. (Complaint, Doc. 2 at 6.)

**III.  SCREENING STANDARD**

Mr. Cameron is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled

4

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements" of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).  "A document filed *pro se* is 'to be liberally construed," and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## IV.  SCREENING ANALYSIS

### A.  Judicial Immunity

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction."  *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988).

Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Id.* at 356-37; *see also Forrester v. White*, 484 U.S. 219, 227 (1988)(a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireles*, 502 U.S. 12.

6

Judicial immunity cannot be defeated by procedural error or malicious, biased, or controversial actions. *Mireles*, 502 U.S. at 11 (malicious action does not defeat judicial immunity); *Stump v. Sparkman*, 435 U.S. 349, 359, 363-64 (1978) (procedural error does not defeat judicial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) (conspiracy and bribery do not defeat judicial immunity); *Lopez v. Vanderwater*, 620 F.2d 1229, 1234 (7th Cir. 1980) (prejudice does not defeat judicial immunity). A judge's errors should be corrected on appeal, not by subsequent civil litigation. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curium).

Nonetheless, there are two exceptions to judicial immunity: (1) allegations arising from "actions not taken in the judge's judicial capacity," and (2) judicial actions taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362.

Mr. Cameron claims his rights were violated because Judges Kolar and/or Lee incarcerated him for 55 days, violated his speedy trial rights, and denied his request for a special appearance. The alleged rights violation occurred when these Judges were performing a core judicial duty and while exercising the jurisdiction

7

of their office.  Thus, neither of the two exceptions to judicial immunity are applicable to the factual scenario alleged in the complaint.  *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (federal judge enjoys absolute judicial immunity when sued for actions that "were judicial in nature and were not done in clear absence of all jurisdiction").

Although Mr. Cameron alleges the court lacked jurisdiction, the Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation.  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).  Here, the named judges had jurisdiction to perform the general acts in question.

Accordingly, Mr. Cameron's claims against Judges Kolar and Lee are barred by judicial immunity.

## B.  Prosecutorial Immunity

Mr. Cameron next brings claims against Benjamin Halverson a City Attorney for the City of Billings.  For purposes of this Order, the Court assumes Mr. Halverson was the prosecutor in Mr. Cameron's criminal proceedings.  He alleges Mr. Halverson committed "prosecutorial misconduct by proceeding to hold

[him] in confinement," and violating his liberty interests, speedy trial rights, and placing a $1,000 bond.  (Doc. 2 at 6.)

State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  That is, "when performing the traditional functions of an advocate."  *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997).  Absolute immunity applies when 'initiating a prosecution' and 'presenting the State's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to seek an indictment has been made.'"  *Garmon v. County of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016)(internal citations omitted).

Mr. Halverson is entitled to absolute immunity for actions taken in the course of presenting the state's case such as examining witnesses, presenting evidence, and arguing before the court.  He is also entitled to absolute immunity with regard to his preparation for presenting the criminal case at trial.  As Mr. Cameron's claims against Mr. Halverson arise out of the initiation and presentation of criminal charges against Mr. Cameron, Mr. Halverson is entitled to prosecutorial immunity.

Accordingly, the Court issues the following:

## ORDER

1.  Mr. Cameron's Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on September 9, 2019.

3.  At all times during the pendency of this action, Mr. Cameron must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The

record makes plain the instant Complaint is frivolous as it lacks arguable substance

in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cameron may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 6th day of January, 2020.


*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Cameron is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.